IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:10cv20775

MARLON AVNERI,

    Plaintiff,

vs.

FIDELITY NATIONAL PROPERTY
AND CASUALTY INSURANCE
COMPANY, a Florida corporation,

    Defendant.
_____/

**PETITION TO COMPEL APPRAISAL, AND ALTERNATIVELY FOR BREACH OF CONTRACT, AND DEMAND FOR JURY TRIAL**

Plaintiff, MARLON AVNERI ("Plaintiff"), hereby sues Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY ("Defendant"), and alleges:

**Venue and Jurisdictional Allegations**

1. This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorney's fees, costs and expenses.

2. At all material times the Plaintiff was/is a resident of Florida and was/is otherwise *sui juris*.

3. Defendant is a Florida corporation that issued a flood insurance policy ("Policy") to the Plaintiff in Miami-Dade County, Florida. Defendant is doing business

as an insurance company in the State of Florida and, as such, service of process is properly effectuated by serving the Chief Financial Officer of the State of Florida.

4. Venue properly lies in Miami-Dade County, Florida because the parties are either living in or operating/doing business in Miami-Dade County, Florida and the property in question is located in Miami-Dade County, Florida.

### General Allegations Common to All Counts

5. The parties entered into a Policy covering the term from October 20, 2005 to October 20, 2006, and bearing policy number 097700244121 02. Plaintiff does not currently have a true and correct copy of the Policy in his possession but the Defendant is in possession of.

6. At all times material hereto, the policy of insurance referenced above provided coverage for the property located at 6 South Hibiscus Drive, Miami Beach, FL, 33139, for a loss due to flood damage.

7. On or about October 24, 2005, the Plaintiff's dwelling was damaged by flood caused by Hurricane Wilma.

8. The Defendant acknowledged coverage for the loss and assigned claim number 05-0076811 to it. Thereafter, Plaintiff submitted an estimate and Sworn Statement in Proof of Loss for one million thirty one thousand seven hundred nineteen dollars and eighty six cents ($1,031,719.86) in building damage and two hundred thousand one hundred sixty eight dollars and seventy eight cents ($200,168.78) in contents damage -- amounts that exceed the respective two hundred and fifty thousand dollar ($250,000.00) and one hundred thousand dollar ($100,000.00) policy limits -- to the Defendant.

2

9.  However, after receiving this documentation, and investigating this claim, the Defendant failed to fully indemnify the Plaintiff for his losses, as it was contractually obligated to do pursuant to the subject Policy.

10. Instead, the Defendant has paid the Plaintiff a total of ninety four thousand, five hundred and twenty six dollars and seventy six cents ($94,526.76), which is far less than the policy limit(s) of three hundred fifty thousand dollars ($350,000.00) owed to Plaintiff.

11. On May 5, 2009, Defendant sent Plaintiff its Partial Denial of Claim letter through which it improperly denied to honor Plaintiff's remaining claim amount of two hundred fifty five thousand four hundred seventy three dollars and twenty four cents ($255,473.24) and, in doing so, has breached the terms of the Policy it issued to the Plaintiff.

12. The Plaintiff has performed all conditions precedent to recovery under the aforementioned Policy and to the bringing of the instant action, including but not limited to filing a Civil Remedy Notice with the Florida Department of Financial Services, and/or said conditions have been waived by the Defendant.

**Count I – Petition to Compel Appraisal & Appointment of Neutral Umpire**

The Plaintiff readopts and realleges Paragraphs 1 through 12 above as if specifically set forth herein and further allege:

13. The Policy of insurance contains a right of appraisal to the Plaintiff in the event over the dispute over the amount of the loss.

14. Appraisal is appropriate in this matter as the Defendant has acknowledged coverage, as evidenced by the partial payments it has made on this claim, and as the amount of loss remains in dispute.

15. As such, the Plaintiff has demanded appraisal in this matter.

16. The Defendant has failed to comply with the Policy of insurance and/or allow the appraisal process to be utilized to set the amount of loss as to all damage sustained to the Plaintiff's property.

17. Further, as the Defendant has failed to tender payment and/or fully indemnify the Plaintiff as to the full amount of its losses, the Plaintiff requests this Court, in addition to compelling appraisal, to appoint a neutral umpire should the appraisers for the respective parties be unable to agree on same.

WHEREFORE, the Plaintiff prays for the Court to compel appraisal as per the terms of the Policy, to appoint a neutral umpire, to subsequently confirm any appraisal award, and award any applicable prejudgment interest and attorneys' fees and costs to the Plaintiff.

## Count II – Breach of Contract

The Plaintiff readopts and realleges Paragraphs 1 through 17 above as if specifically set forth herein and further alleges:

18. The Defendant had/has a clear obligation under the subject Policy to pay the Plaintiff for his losses due to the subject loss.

19. The Defendant has failed to fully indemnify the Plaintiff for the losses covered under the subject Policy and, thus, has breached the subject Policy.

20. The Plaintiff has been damaged monetarily in regard to the loss to his

property by the failure of the Defendant to comply with its contractual obligations as referenced herein.

WHEREFORE, the Plaintiff prays for the Court to award damages for the amount of the losses referenced herein and in the accompanying exhibits against the Defendant due to the subject loss and for any applicable attorneys' fees, costs, and prejudgment interest.

### Demand for Jury Trial

The Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

Dated this 15th day of March, 2010.

        Sherman Law, P.A.
        Attorney for Plaintiffs
        18801 NE 21st Avenue
        Miami, FL 33179
        Office:  (305) 494-6345
        Fax:     (305) 937-1429
        Email: RHS@ShermanLawPA.com

        */s/     Ryan Sherman*
        RYAN SHERMAN
        Florida Bar No.: 686271